Ryan K. HARRISON and Amy K. Harrison, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CV–S–02–0143–LRH LRL.

United States District Court,
D. Nevada.

Sept. 9, 2002.

Daniel Bogden, U.S. Attorney's Office, Las Vegas, NV, Jennifer A. Giaimo, U.S. Department of Justice, Washington, DC, for U.S.

## ORDER

HICKS, District Judge.

On April 3, 2002, Defendant United States of America filed a motion to dismiss for insufficiency of service of process pursuant to Fed.R.Civ.P. 12(b)(5), a motion to dismiss for failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56. (Docket #2). Plaintiffs[1] responded with a motion for extension of time in which to respond to Defendant's motion to dismiss on April 10, 2002.(#3). That motion is granted for good cause shown and because of Defendant's non-opposition. Plaintiffs then filed their opposition to the motion to dismiss on May 7, 2002.(#5). Most recently, on August 29, 2002, the United States filed an unopposed motion for a protective order. (#7).

## I. Background

Plaintiffs Ryan K. Harrison and Amy M. Harrison filed a Complaint seeking damages and requesting that the Court set aside an invalid collection determination pursuant to 26 U.S.C. § 6330. In essence, the Complaint alleges that the "determination" issued by the Internal Revenue Service ("IRS") on January 3, 2002, after a Collection Due Process Hearing was invalid.

The Collection Due Process Hearing was held on November 8, 2001, pursuant to 26 U.S.C. §§ 6320(a), 6330(a) and (b) after Plaintiff had received a Notice of Federal Tax Lien. The Notice of Federal Tax Lien was allegedly sent to Plaintiffs because their 1992 through 1998 individual tax returns contained a row of zeros down the right hand column while Plaintiffs' respective W–2s for those years revealed income.

Plaintiffs' Complaint attaches numerous exhibits, but does not attach their tax returns on which the IRS sought to impose civil penalties. These income tax returns, however, are attached to the United States' motions and will be considered by the Court. Consequently, the motion to dismiss is converted to a motion for summary judgment. Fed.R.Civ.P. 12(b)(6).

## II. Analysis

### A. Standard of Review

A motion for summary judgment terminates, without a trial, actions in which "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The movant is entitled to summary judgment if the non-moving party, who bears the burden of persuasion, fails to designate " 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(e)). Thus, in order to preclude a grant of summary judgment, the non-moving party must set forth " 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)). The substantive law defines which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party. *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1154 (9th Cir.2001) (citing *Zenith Radio Corp.,* 475 U.S. at 587, 106 S.Ct. 1348).

---

1. Both Plaintiffs signed the Complaint but only one Plaintiff, Ryan K. Henderson, appears to have signed the motion for extension of time and opposition. Ordinarily, each pro se party needs to sign a pleading. Fed.R.Civ.P. 11(a). The Court will, however, overlook this omission in the interests of justice. Fed.R.Civ.P. 1.

Section 6330(d) does not specify the standard of review a district court should apply to an appeal of a Notice of Determination. However, the legislative history indicates that the court should conduct a de novo review only "where the validity of the tax liability was properly at issue at the administrative hearing." H. Conf. Rept. 105–599, 105th Cong.2d Sess. 266 (1998). Where the amount of the underlying tax liability is not properly part of the appeal, the court reviews a Notice of Determination for abuse of discretion. *See Sego v. Comm'r of Internal Revenue*, 114 T.C. 604, 609–10, 2000 WL 889754 (2000).

### B. *Plaintiffs' Section 6330 Appeal*

Plaintiffs raise many of the same issues before this Court that they raised at the November 9, 2001, hearing. First, they argue that they are not liable for income tax. The Supreme Court, however, has held early and often that it is lawful to impose a tax on "every person residing in the United States . . . upon the entire net income arising from all sources." *S. Pacific Co. v. Lowe*, 247 U.S. 330, 333–34, 38 S.Ct. 540, 62 L.Ed. 1142 (1918). "Income" is defined in its everyday usage meaning a monetary gain acquired from capital or labor or both combined. *United States v. Richards*, 723 F.2d 646, 648 (8th Cir.1983) (internal citation omitted).

Second, Plaintiffs challenge the $500 frivolous return penalty imposed upon them as invalid. This Circuit found that a tax return containing zeros while attaching W–2s showing income amount to the filing a frivolous return that is subject to a penalty. *See Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir.1985); *Bradley v. United States*, 817 F.2d 1400, 1403 (9th Cir.1987).

Third, Plaintiff makes the conclusory allegation that the Collection Due Process Hearing was not in accordance with law. Such a conclusory allegation need not be accepted in the absence of facts. In actual fact, Plaintiff did not appear to raise any of the statutory-specified issues that may be raised at a Collection Due Process Hearing such as spousal defenses, the appropriateness of the intended collection action or the possibility of alternative means of collection. 26 U.S.C. § 6330(c).

Fourth, Plaintiff argues that the Notice of Determination is invalid because it was not sent by the Secretary of the Treasury. This argument, that IRS employees are not "delegates" of the Secretary of the Treasury has been previously rejected. *Browder v. Commissioner*, T.C. Memo 1990–408, 1990 WL 108316.

Fifth, Plaintiff questions whether computer generated transcripts are valid to show notice and amounts owed. Again, this argument has been uniformly rejected. *Davis v. Commissioner*, 115 T.C. 35, 40, 2000 WL 1048515 (2000).

### III. Conclusion

In summary, Plaintiffs have failed to set forth a valid argument to support their claim that the Notice of Determination of October 16, 2001, should be vacated. Because Plaintiff fails to raise a disputed issue of material fact, Defendant's Motion for Summary Judgment (# 2) is GRANTED. Defendant's Motion for an extension of time (# 5) is GRANTED. The United States' motion for a protective order (# 7) is DENIED as moot. The clerk is directed to close the file.

IT IS SO ORDERED.